JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

AHMAD JADALLAH

**(b)** County of Residence of First Listed Plaintiff BURLINGTON, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**

CITY OF PHILADELPHIA, ET AL.

County of Residence of First Listed Defendant PHILADELPHIA, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. 2000a, et seq. (Title VII of the Civil Rights Act)

Brief description of cause:
Discriminiation, harassment based on race and ethnicity and retaliation in employment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ______ DOCKET NUMBER ______

DATE
November 23, 2026

SIGNATURE OF ATTORNEY OF RECORD
/s/ Miriam S. Edelstein

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:____________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☒ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

***B. Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):______________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**<u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>**

| | | |
|---|---|---|
| AHMAD JADALLAH,<br>Plaintiff,<br>vs. | : | CIVIL ACTION |
| CITY OF PHILADELHPIA, et al.<br>Defendants. | : | NO: |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. **(X)**

| | | |
|---|---|---|
| 11/23/2026<br>**Date** | *s/ Miriam S. Edelstein*<br>**Attorney-at-law** | Plaintiff, Ahmad Jadallah<br>**Attorney for** |
| 856-727-9700<br>**Telephone** | 856-727-9797<br>**FAX Number** | medelstein@costellosilverman.com<br>**E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AHMAD JADALLAH,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF PHILADELPHIA d/b/a PHILADELPHIA WATER DEPARTMENT; WSP USA INC.; and JOHN DOES 1-5 AND 6-10,<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO:<br><br>**COMPLAINT AND JURY DEMAND**<br><br>*Electronically filed* |

Plaintiff, Ahmad Jadallah ("Plaintiff"), residing in Delran, New Jersey, by way of Complaint against the Defendants, says:

**Preliminary Statement**

This matter is brought under 42 U.S.C. § 1981 ("Section 1981"), alleging race discrimination in contract/employment, as well as Title VII of the Civil Rights Act of 1964 ("Title VII"), alleging discrimination and harassment (hostile work environment) based on race and ethnicity as well as retaliation in employment.

**Jurisdiction and Venue**

1. Jurisdiction of the court is invoked pursuant to 29 U.S.C. § 216 (b), 28 U.S.C. § 1331 and 28 U.S.C. § 1332.

2. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because all of the events or substantially all of the events described below took place within the district.

**Identification of Parties**

3. Plaintiff Ahmad Jadallah ("Plaintiff") resides in Delran, New Jersey, and, at all relevant times herein, is a former employee of the defendant.

4. Defendant City of Philadelphia d/b/a Philadelphia Water Department ("PWD"), at all relevant times herein, is a government entity employing at least fifteen (15) employees with its principal place of business located at 1515 Arch St., Philadelphia, PA 19102, and the former joint employer of Plaintiff within the meaning of 42 U.S.C. § 1981, Title VII, the PHRA and the PFPO.

5. Defendant WSP USA Inc. ("WSP"), at all relevant times herein, is an entity employing at least fifteen (15) employees with its principal place of business located at 1000 Atrium Way, Atrium I, Mount Laurel, NJ 08054, and doing business at various worksites within this district including with respect to Plaintiff's assignment to work for PWD while Plaintiff was in WSP's employ.

6. At all relevant times herein, as further described below, both PWD and WSP:

a. Jointly supervised Plaintiff's work while employed by WSP and working for PWD;

b. Had authority and control over the terms and conditions of Plaintiff's employment while employed by WSP and working for PWD, including with respect to work schedule, manner of work, work assignments, discipline, performance management and termination; and

c. Were obligated to refrain from subjecting Plaintiff to discrimination and harassment on the bases of race and national origin as well as retaliation.

7. Defendants John Does 1-5 and 6-10, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to the Plaintiff in this matter.

**Exhaustion of Administrative Remedies**

8. Plaintiff exhausted his administrative remedies by filing a verified complaint against each named entity defendant encompassing all claims herein under Title VII, the PHRA and the PFPO with the Equal Employment Opportunity Commission ("EEOC"), which was dual filed with the Philadelphia Commission on Human Relations ("PCHR"), which was docketed as follows:

a. EEOC Charge No. 530-2026-08799, against PWD; and

b. EEOC Charge No. 530-2026-08801, against WSP.

9. By dual-filing the verified complaint with the PCHR, Plaintiff satisfied his administrative filing requirement under both the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO"), as individuals may only file an administrative complaint with either the local or state agency, and may not file the same complaint with both agencies.

10. On or about September 2, 2026, less than ninety (90) days prior to the filing of this action, the EEOC issued "Right to Sue" Notices closing its investigation of Plaintiff's verified administrative agency complaint docketed as EEOC Charge No. 530-2026-08799 (against PWD) and as EEOC Charge No. 530-2026-08801 (against WSP). True and correct copies of these EEOC Notices of Right to Sue are attached hereto as **Exhibit A**.

11. Following expiration of the one-year period of exclusivity for the PCHR and Pennsylvania Human Relations Commission ("PHRC") to conduct an investigation into

Plaintiff's dual-filed complaint, Plaintiff intends to seek leave to amend this Complaint to add in the analogous state and local law claims as those asserted herein under Title VII, pursuant to this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

**General Allegations**

12. Plaintiff is an Arab man of Middle Eastern descent/ethnicity.

13. Plaintiff was born in the United States but grew up in Jordan.

14. Plaintiff began working for WSP as an Associate Consultant in or around April 2023.

15. WSP is an international engineering consulting firm.

16. Plaintiff's role was to work directly with WSP's clients providing oversight and inspection of client construction activities and worksites.

17. In or around July 2025, Plaintiff was assigned to work with PWD in a division focused on work with water mains and sewer systems.

18. At all times relevant herein, Plaintiff was qualified for his position.

19. At all times relevant herein, Plaintiff performed his responsibilities up to and/or beyond the reasonable and legitimate expectations of his employers.

20. At all times relevant herein, WSP was Plaintiff's employer within the meaning of Title VII, the PFPO and the PHRA.

21. From about July 2025 until Plaintiff's unlawful termination on or about April 15, 2026, PWD was Plaintiff's joint employer within the meaning of Title VII, the PFPO and the PHRA.

22. In or about February 2026, Plaintiff was directed by WSP and PWD to work for the following PWD personnel:

a. Division Engineer, Dave Pandeya (American/Caucasian) ("Pandeya");

b. Assistant Division Engineer, Anoop George (Indian/Asian) ("George"); and

c. Inspector, Prekash Shah (Indian/Asian) ("Shah").

23. From the outset, Shah was hypercritical of Plaintiff's work, singling him out for scrutiny, criticism and hostile treatment compared with others who were not Arab or Middle Eastern.

24. On a daily basis, Shah would nitpick Plaintiff's work subjecting Plaintiff to scrutiny and maltreatment that he did not impose on others.

25. In particular, Shah showed clear favoritism toward other Indian workers, for example, behaving in a friendly manner toward an Indian Inspector and allowing him to leave work early, whereas Shah would scream at Plaintiff in front of others, call Plaintiff a "liar" and never let Plaintiff leave early.

26. On one occasion, Shah asked Plaintiff why Plaintiff had not drawn a sketch of the site, even though Shah had never requested Plaintiff do so.

27. Plaintiff replied that Shah had not asked for a sketch, to which Shah accused Plaintiff of being a "liar."

28. Shah further routinely, and falsely, accused Plaintiff's work of not aligning with job specifications, with Shah stopping the work for no legitimate reason.

29. On another occasion, a contractor had to lift a pipe up slightly due to rocky terrain.

30. When Shah saw this, he criticized Plaintiff for allowing the contractor to lift the pipe.

31. At that point, however, the Foreman, Matt Carusone (American/Caucuasion), interjected and corrected Shah, explaining that it was necessary to lift the pipe, at which point Shah immediately changed his tune and decided that it was fine.

32. On another occasion, Shah screamed at Plaintiff for not having a certain timeline for when the workers would be flushing the pipes, but had not even discussed the scheduling or how the pipes would be flushed with the Foreman yet.

33. On or about March 4, 2026, Plaintiff reported Shah's harassment to Plaintiff's Manager, Robert (Bob) Heyduk (American/Caucasian) ("Heyduk").

34. Heyduk asked Plaintiff if the PWD personnel were all from the same ethnic background, to which Plaintiff responded "yes."

35. Heyduk then told Plaintiff, "I do not feel comfortable leaving you alone with people from the same ethnic background," however, no change was made to Plaintiff's assignment.

36. Plaintiff thereby engaged in protected activity under Title VII, the PFPO and the PHRA.

37. Shah's harassment continued, which Plaintiff began to report to Heyduk on a daily basis.

38. Plaintiff thereby engaged in further protected activity, yet still, Heyduk took no corrective action to prevent further harassment from occurring.

39. Plaintiff then escalated his complaint to Heyduk's supervisor, WSP's Lead Water Resource Engineer, Lance Weatherly (American/Caucasian) ("Weatherly").

40. Plaintiff thereby engaged in further protected activity.

41. Weatherly asked what Plaintiff's intentions were, telling Plaintiff that his options were essentially to quit or "deal with it."

42. Weatherly confirmed that WSP's interest was in protecting the contract with PWD, telling Plaintiff, "PWD pays you, and they pay us."

43. Plaintiff replied that he had a child and did not want to lose his job.

44. Weatherly replied, "You're right. Don't lose your job. Don't take it personally."

45. On or about March 18, 2026, Plaintiff complained about Shah's harassment to George at PWD.

46. George told Plaintiff that Shah has a "tough way of training people" and not to "take it personally."

47. George took no corrective action to prevent further harassment from occurring.

48. On or about April 3, 2026, Shah came to the worksite around 12:00 p.m., while Plaintiff was on his lunch break.

49. Shah called Plaintiff, screaming at him in front of the Foreman, accusing Plaintiff of not ensuring that enough sand was being used, despite it being the same amount of sand that was used for this daily task every single day.

50. Nonetheless, Shah screamed at Plaintiff for Plaintiff to come back from his lunch break and meet Shah at the site.

51. When Plaintiff arrived, Shah, still screaming at Plaintiff, falsely accused Plaintiff of never being at the site and not knowing what was going on.

52. Shah then asked if Plaintiff had measured the depth of the pipes, to which Plaintiff replied "yes," to which Shah, again, called Plaintiff a "liar," despite Plaintiff's true and correct account of his work readily demonstrable and verifiable in Plaintiff's written reports.

53. Shah threatened Plaintiff that he (Shah) was going to call George and "tell him everything," to which Plaintiff replied that he would also tell George everything that was going on.

54. A few days later, Pendaya told Plaintiff that PWD did not want Plaintiff to work with them anymore.

55. Plaintiff reached out to George, reiterating the harassing and discriminatory treatment from Shah.

56. George responded that it was "too late" and that he was reaching out to Weatherly and did not want Plaintiff on the project anymore.

57. Plaintiff told both George and Heyduk that he felt this was discriminatory, after which, neither of them nor anyone at WSP would speak to Plaintiff anymore.

58. Plaintiff was directed to give all of his paperwork to Heyduk and to go home for a few days.

59. Plaintiff was then scheduled for a meeting with WSP's Human Resources representative, Christy Bendston (American/Caucasian) for April 15, 2026.

60. Bendston informed Plaintiff that he was being terminated for "lack of utilization" and that WSP did not have a project to put Plaintiff on.

61. Plaintiff objected to the unfair and discriminatory treatment he had experienced, as well as his frustration that he had been reporting the harassment for over a month and the company had taken no action.

62. Bendston asked Plaintiff to provide additional information so they could make sure that this would not happen "again," however, WSP and PWD's decision to terminate Plaintiff remained unchanged.

63. Defendants' asserted reasons for the adverse employment actions taken against Plaintiff were merely pretext for one or more of the unlawful reasons stated herein, namely, race, ethnicity, national origin and/or retaliation for Plaintiff's protected activity.

64. To the extent that any legitimate, non-discriminatory and/or non-retaliatory reason for Plaintiff's termination exists, a "mixed motive" analysis is required, as the termination would not have occurred but for one or more of the unlawful reasons described herein.

65. Plaintiff need only establish that one or more unlawful reasons played a role in Defendant's decision to terminate his employment.

66. As a result of Defendants' unlawful conduct described herein, Plaintiff has suffered both economic and non-economic harm, including emotional pain and suffering.

67. Because members of Defendants' upper management undertook and/or were willfully indifferent to the unlawful conduct herein, and because the conduct was undertaken knowingly and intentionally, and because such conduct was especially egregious and/or malicious, punitive damages are warranted under Title VII and Section 1981.

68. The conduct described above was:

a. Harassing, offensive and/or abusive in nature;

b. Motivated by Plaintiff's race and/or ethnicity and/or by Plaintiff's protected activity set forth above;

c. Severe and/or pervasive;

d. Permeated the work environment to such an extent that a reasonable person similarly situated to Plaintiff would find the environment had become hostile and abusive, thereby altering the terms and conditions of employment;

e. The work environment did so alter for Plaintiff;

f. Was conducted by supervisory employees such that liability for the conduct is imputed to the Defendants;

g. Was reported by Plaintiff to the Defendants such that the Defendants had actual and/or constructive notice of the harassment;

h. Conducted by upper managerial and/or supervisory personnel; and

i. The Defendants failed to take prompt and reasonable steps to correct and/or prevent further harassment from occurring.

69. The Defendants' adverse employment actions taken against Plaintiff were because of Plaintiff's race (Arab) and/or ethnicity (Middle Eastern).

70. In addition and/or in the alternative, the Entity Defendants' adverse employment actions taken against Plaintiff were in retaliation for Plaintiff's protected activity described above.

71. Any legitimate, non-discriminatory and/or non-retaliatory reasons the Defendants proffer for the conduct described above are merely pretext for one or more of the unlawful reasons articulated above.

72. To the extent any legitimate, non-discriminatory and/or non-retaliatory reasons actually existed for the Defendants' actions, the actions would not have been taken but for one or more of the unlawful motives herein, such that a "mixed motive" analysis will be required, as Plaintiff need only show that a determinative or motivating factor in conduct above was because of one or more of the unlawful reasons articulated above.

73. As a result of Defendants' conduct described above, Plaintiff has been forced to suffer both economic and non-economic harm, including emotional pain and suffering.

74. Because Defendants' actions and/or omissions described above were undertaken, ratified and/or condoned by members of the Defendants' upper management and/or members of upper management were willfully indifferent to the same, and because such actions were especially egregious, malicious and/or undertaken with reckless disregard for Plaintiff's rights under the relevant statutes, punitive damages are warranted.

## COUNT I

## Title VII - Race Discrimination

75. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

76. For the reasons set forth above, the Defendants are liable to Plaintiff for race discrimination in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

## COUNT II

## Title VII - Ethnicity Discrimination

77. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

78. For the reasons set forth above, the Defendants are liable to Plaintiff for ethnicity discrimination in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT III**

**Title VII – Retaliation**

79. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

80. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT IV**

**Title VII – Racial Harassment (Hostile Work Environment)**

81. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

82. For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment (hostile work environment) in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT V**

**Title VII – Ethnicity Harassment (Hostile Work Environment)**

83. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

84. For the reasons set forth above, the Defendants are liable to Plaintiff for ethnicity harassment (hostile work environment) in violation of Title VII.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT VI**

**Section 1981 - Race Discrimination**

85. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

86. Defendants, through their above-described acts and/or omissions, subjected Plaintiff to discrimination and interfered with his employed because of his race in violation of Section 1981.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering,

punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**COUNT VII**

**<u>Section 1981 – Racial Harassment (Hostile Work Environment)</u>**

87. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

88. For the reasons set forth above, the Defendants are liable to Plaintiff for racial harassment (hostile work environment) in violation of Section 1981.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory relief, equitable relief and any other relief the Court deems equitable and just.

**COUNT VIII**

**<u>Section 1981 – Retaliation</u>**

89. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

90. For the reasons set forth above, the Defendants are liable to Plaintiff for retaliation in violation of Section 1981.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, together with compensatory damages including for economic loss, emotional pain and suffering, punitive damages, interest, cost of suit, attorneys' fees, declaratory and equitable relief including

equitable back pay, equitable front pay and/or equitable reinstatement and any other relief the Court deems equitable and just.

**REQUEST FOR DECLARATORY AND EQUITABLE RELIEF**

91. Plaintiff hereby repeats and re-alleges each of the preceding paragraphs as though fully set forth herein.

92. In addition to the judgment and relief requested above, Plaintiff requests the following declaratory and equitable remedies and relief in this matter:

a. Plaintiff requests a declaration by this Court that the practices contested herein violate Federal law as set forth herein;

b. Plaintiff requests that this Court order the Defendants to cease and desist engaging in the unlawful conduct alleged herein going forward, both as to the specific Plaintiff and as to all other individuals similarly situated;

c. Plaintiff requests that any order for equitable back pay includes the full value of all lost wages, benefits, fringe benefits, and other remuneration of which Plaintiff was deprived due to Defendants' unlawful acts such that the equitable remedies ordered make Plaintiff whole;

d. Plaintiff requests that the Court equitably order the Defendants to pay all costs incurred by Plaintiff and/or Plaintiff's attorneys in connection with this litigation and all of Plaintiff's reasonable attorneys' fees along any equitable and/or required enhancements to said attorneys' fees;

e. Plaintiff requests that the Court order the Defendants to have all supervisory and human resources personnel undergo and complete an initial training within 60 days of any equitable order, and thereafter annual training, on the prevention of employment practices prohibited by Section 1981 and Title VII, and to require that such training be conducted

by an independent consultant with specific expertise in such training and prevention and who is not otherwise employed by or in any contractual relationship with the Defendants;

f. Plaintiff requests that the Court order the Defendants to finish proof of completion of the initial training described herein to Plaintiff within 90 days of the entry of any such equitable order;

g. Plaintiff requests that the Court order that the Defendants expunge from all records any reference to any discipline of the Plaintiff and that the Defendants be restricted from furnishing any information about the Plaintiff other than the dates of Plaintiff's employment and last position held unless legally required to produce other information; and

h. Plaintiff requests that the Court do such other equity as is reasonable, appropriate and just.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly, severally and in the alternative, together with economic and non-economic compensatory damages, punitive damages, declaratory relief and equitable relief to include equitable reinstatement, equitable back pay, equitable front pay, equitable reinstatement, interest, costs of suit, attorneys' fees, enhanced attorneys' fees and any other relief the Court deems equitable and just.

Respectfully submitted:

**COSTELLO & SILVERMAN, LLC**

Dated: November 23, 2026

By: ***/s/ Miriam S. Edelstein***

**Miriam S. Edelstein**
PA ID No. 204557
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
Tel: (856) 727-9700
Fax: (856) 727-9797
medelstein@costellosilverman.com

## DEMAND FOR A TRIAL BY JURY

Plaintiff, by and through his above signed counsel, hereby demands, pursuant to Rule 38(b) of the Federal rules of civil procedure, a trial by jury on all counts in the above-captioned action.

**COSTELLO & SILVERMAN, LLC**

**By: *__/s/ Miriam S. Edelstein______***
**Miriam S. Edelstein**

# EXHIBIT A

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/02/2026

**To:** Ahmad Jadallah
165 Wildflower Pl.
Delran, NJ 08075

Charge No: 530-2026-08799

EEOC Representative:
Legal Unit (267) 589-9707

---

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-08799.

On behalf of the Commission,

Digitally Signed By: Karen McDonough

09/02/2026

Karen McDonough

Deputy District Director

**Cc:**

Christopher D'Amore, ESQ
City of Philadelphia Law Department
1515 Arch Street
Philadelphia, PA 19102

LASHAWN HAND
SENIOR LEGAL ASSISTANT
1515 ARCH STREET
Philadelphia, PA 19102

Miriam S. Edelstein Esq.
Costello & Silverman, LLC
18000 Horizon Way Suite 800
Mount Laurel, NJ 08054

Please retain this Notice for your records.

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/02/2026

**To:** Ahmad Jadallah
165 Wildflower Place
Delran, NJ 08075

Charge No: 530-2026-08801

EEOC Representative:
Legal Unit (267) 589-9707

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2026-08801.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/02/2026
Karen McDonough

Deputy District Director

**Cc:**

Christy Bendtson
WSP USA Inc.
1000 Atrium Way Atrium I
Mount Laurel, NJ 08054

Miriam S Edelstein, Esq.
Costello & Silverman, LLC
18000 Horizon Way Suite 800
Mount Laurel, NJ 08054

Please retain this Notice for your records.